CALLOWAY, J.,[1] dissenting.
The statutes involved herein-La. R.S. 47:30l(10)(u), La. R.S. 47:337.9(F), and La. R.S. 47:315.3 -provide for the exclusion, exemption, and refund of local sales taxes of personal, tangible property "made under the provisions of Medicare," provided the ultimate "end user" of the property-here, prescription drugs administered to patients receiving dialysis treatment-is a Medicare patient. I disagree with the plurality's opinion which holds the aforementioned statutes do not apply to bulk drug transactions between a pharmaceutical vendor and a dialysis clinic at issue in this case. Specifically, I disagree that the purchases by Bio-Medical Applications of Louisiana, L.L.C. ("Bio-Medical") of certain prescription drugs for administration to Medicare patients at its kidney dialysis facility did not involve sales of personal, *330 tangible property "made under the provisions of Medicare," and would not be excluded from local sales under La. R.S. 47:301(10)(u). Additionally, I disagree with the plurality's opinion that Bio-Medical's purchases of certain prescription drugs for those Medicare patients was not "through or pursuant to a Medicare part B or D plan," and would not be exempted from local sales tax under La. R.S. 47:337.9(F)
Furthermore, I find there are genuine issues of material fact regarding: (i) the value of sales which could be excluded from local taxation under La. R.S. 47:301(10)(u) ; and (ii) the actual amount of prescription drugs purchased by Bio-Medical "through or pursuant to a Medicare Part B or D plan" so as to qualify for an exemption from payment of local sales taxation pursuant to La. R.S. 47:337.9(F). It is my opinion, therefore, that summary judgment should not have been granted in favor of the Sheriff.
I therefore disagree with the plurality's opinion, affirming the trial court's grant, in part, of the Washington Parish Sheriff's motion for summary judgment, declaring that Bio-Medical was not entitled to a sales tax exclusion, exemption, or refund under the aforementioned statutes for the drug purchases at issue herein, denying Bio-Medical's motion for partial summary judgment, and dismissing Bio-Medical's reconventional demand for declaratory judgment relief. I must respectfully dissent from the plurality's opinion.

Hon. Curtis A. Calloway, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.